| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CASE NO. 1:05-CR-127(1) |
| § | |
| DANIEL ROBERT WHITE § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Daniel Robert White's ("White") *pro se* letter Motion for Early Termination of Supervised Release (#98), wherein he seeks early termination of his five-year term of supervised release. United States Probation and Pretrial Services ("Probation") submitted a report and recommends that the court deny White's motion. The Government is also opposed to the motion. Having considered the motion, Probation's report, the Government's position, the record, and the applicable law, the court is of the opinion that White's motion should be denied.

I.  Background

On November 2, 2005, a federal grand jury in the Eastern District of Texas returned a First Superseding Indictment charging White with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). White pleaded guilty to the charged offense on February 2, 2006, without a written plea agreement. On July 20, 2006, the court sentenced White to 192 months' imprisonment, followed by a five-year term of supervised release. White's conviction and sentence were affirmed on appeal on July 17, 2007. White completed his term of imprisonment on May 28, 2021, and began serving his term of supervised release in the Northern District of Texas, which is scheduled to expire on May 27, 2026.

In his motion, White asks the court to terminate his supervised release at this time because he has made great strides in his personal life by securing employment initially at Goodwill and later at Target, developing a positive relationship with his teenaged daughter, and having a support group of very close friends who have provided him assistance. He further asserts that his "probation" has gone very well, having been on minimum supervision for several months, and that his probation officer has been very helpful with regard to his questions and needs. After serving only 17 months of his five-year term of supervised release, White seeks early termination on the balance of his "probation."

II.  Analysis

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in Section 3553(a),[1] "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Peters*, 856 F. App'x 230, 233 (11th Cir. 2021); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir.), *cert. denied*, 142 S. Ct. 82 (2021); *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); *United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018), *cert.*

---

[1] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

*denied*, 139 S. Ct. 1275 (2019). "Early termination of supervised release is not an entitlement." *United States v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021). Instead, the defendant bears the burden of demonstrating that early termination is warranted. *Id.*; *United States v. Luna*, No. 1:95-cr-05036-AWI, 2018 WL 10156108, at *1 (E.D. Cal. Mar. 12, 2018), *aff'd*, 747 F. App'x 561 (9th Cir. 2018). Early termination "is not warranted as a matter of course." *United States v. Morris*, No. 3:99-cr-264-17 (VAB), 2022 WL 3703201, at *3 (D. Conn. Aug. 26, 2022). "To the contrary, it is only 'occasionally' justified." *United States v. Shellef*, No. 03-CR-0723 (JFB), 2018 WL 3199249, at *1 (E.D.N.Y. Jan. 9, 2018) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

District courts enjoy considerable discretion in determining when the interest of justice warrants early termination. *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); *United States v. Lynn*, No. S90-00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022); *see Melvin*, 978 F.3d at 52. Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required. *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination."); *Lynn*, 2022 WL 2446328, at *4 (although the defendant adhered to the conditions of his release, a balancing of the 18 U.S.C. § 3553(a) factors did not support early termination, noting that the defendant "engaged in constant serious criminal behavior when he was given chances before"); *United States v. Sandles*, No. 11-CR-204-PP, 2021 WL 3080995, at *3 (E.D. Wis. July 21, 2021) ("[C]ourts have held 'that the conduct of the defendant necessary to justify early termination should include more than simply

3

following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination.'" (quoting *United States v. O'Hara*, No. 00-cr-170, 2011 WL 4356322, *3 (E.D. Wis. Sept. 16, 2011))); *United States v. Boudreaux*, No. 2:19-CR-00377-01, 2020 WL 7635708, at *1 (W.D. La. Dec. 22, 2020); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020) (citing 18 U.S.C. § 3583(e)(1) (finding that the conduct of the defendant did not warrant early termination of supervised release, as the defendant sought relief based on his circumstances and the alleged conduct of others); *United States v. Guidry*, No. 3:19-CR-332-S, 2020 WL 908542, at *1 (N.D. Tex. Feb. 13, 2020), *adopted by* No. 3:19-CR-0332-S, 2020 WL 906303 (N.D. Tex. Feb. 25, 2020); *see United States v. Berger*, No. CR 09-308, 2021 WL 2354517, at *5 (W.D. Pa. June 9, 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and paying restitution, however, is required behavior while serving a term of supervised release."). As courts have observed, "if every defendant who complied with the terms of supervised release were entitled to early termination, 'the exception would swallow the rule.'" *United States v. Kassim*, No. 15 Cr. 554-3 (KPF), 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020) (citing *United States v. Medina*, 17 F. Supp.2d 245, 247 (S.D.N.Y. 1998)).

While the court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release, this does not mean that such circumstances are irrelevant to ruling on a motion under § 3583(e)(1). *United States v. Ferriero*, No. 13-0592 (ES), 2020 WL 6701469, at *2 (D.N.J. Nov. 13, 2020) (citing *Melvin*, 978 F.3d at 53); *accord United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). This is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, pursuant to 18 U.S.C. § 3553(a), it would

be expected that something has changed that would justify an early end to a term of supervised release. *Melvin*, 978 F.3d at 53; *United States v. Jackson*, No. 11-55, 2022 WL 2789870, at *2 (W.D. Pa. July 15, 2022); *United States v. Santoro*, No. 21-76 (MAS), 2022 WL 37471, at *2 (D.N.J. Jan. 4, 2022); *Ferriero*, 2020 WL 6701469, at *2. In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such a termination. *Melvin*, 978 F.3d at 53; *United States v. McClamma*, 676 F. App'x 944, 947 (11th Cir. 2017) ("New or unforeseen circumstances can justify a modification, but such circumstances are not necessary."); *Parisi*, 821 F.3d at 347 (recognizing that "changed circumstances may in some instances justify a modification" of a term of supervision). Nonetheless, "'generally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Melvin*, 978 F.3d at 53 (quoting *Davies*, 746 F. App'x at 89).

Here, the court finds that White's post-release conduct does not merit early termination of his supervised release. Although White provides the court with a list of several commendable achievements, he identifies no new or exceptional circumstances or needs. He committed his offense of conviction when he was 39 years old and had a significant criminal history prior to that time. Investigation into White's criminal activity was initiated when the Liberty County Sheriff's Office received information from a cooperating source that White, a felon, had been receiving methamphetamine from Arlington, Texas, storing the drugs in his residence's outbuildings, and distributing the drugs from his home. On June 20, 2005, a cooperating individual contacted law enforcement and reported that White had obtained more methamphetamine from his source of supply in Arlington, but had left his home and taken a duffle bag with him. Sheriff's deputies later

5

observed a pickup truck in which White was a passenger and conducted a traffic stop. During the traffic stop, the deputies requested consent to search the vehicle, but consent was denied. A drug detection canine was then utilized, which gave a positive alert to the presence of drugs in the vehicle. During the search of the vehicle, deputies located a duffle bag that was found to contain marijuana, methamphetamine, small plastic bags, and scales. In the truck's cab, deputies discovered $2,900 in currency and another bag that contained a smoking pipe, methamphetamine, cocaine, and marijuana. White admitted ownership of the drugs and gave the deputies consent to search his home.

During the search of the outbuildings of his residence, deputies found drug paraphernalia in two safes and a box of 12-gauge shotgun shells. When asked if he had a shotgun in his home, White reported having one gun that was located in his father's bedroom. A search of the residence revealed a 12-gauge shotgun and a .22 caliber rifle. The Sheriff's Department verified that White was a felon based on a sample of his fingerprints that matched those contained in a Texas Department of Criminal Justice penitentiary packet for White's prior felony convictions.

White's extensive criminal history includes prior convictions for delivery of a controlled substance (cocaine) (2 instances), possession with intent to deliver a controlled substance (methamphetamine), possession with intent to deliver amphetamine, bribery, and delivery of amphetamine (2 instances). He was on parole for the last five offenses at the time he committed his offense of conviction. When arrested in August 1999 in possession of a briefcase that contained a Glock 9 mm handgun, 4 plastic bags filled with methamphetamine and marijuana, a blow torch, Valium tablets, cash, and a glass pipe, White offered a bribe to the police officers by promising to give them the firearm, drugs, and money located in the briefcase in exchange for

releasing him without filing criminal charges. That incident led to his subsequent prosecution and conviction for bribery. White's Presentence Investigation Report reveals that he accumulated 18 criminal history points and also sets forth his long history of poly-substance abuse, which includes the daily use of marijuana and methamphetamine as well as the frequent use of alcohol and cocaine.

Probation, while commending White for his compliance and progress during the term of supervision, notes that he has completed just over 17 months of his 60-month term of supervised release and that at the time the instant offense was committed, he was serving a term of parole supervision. As Probation points out, "[h]is lengthy criminal history and noncompliance while under supervision suggests that his criminal behaviors are persistent, well-established, and show a heightened risk for recidivism." As the court noted in *United States v. Preston*, "[t]he best predictor of how [Defendant] will behave if he were to be released is how he behaved in the past, and his track record is a poor one." No. 3:18-CR-307-K, 2020 WL 1819888, at *4 (N.D. Tex. Apr. 11, 2020) (quoting *United States v. Martin*, 447 F. Supp. 3d 399, 403 (D. Md. 2020)). Here, White's track record is similarly a poor one. In short, White's "criminal history and conduct reflect an unabated propensity for crime." *United States v. Padilla*, No. H-14-174-1, 2021 WL 1517855, at *5 (S.D. Tex. Apr. 16, 2021). Thus, under these circumstances, White would likely benefit from continued supervision. Indeed, White concedes that his probation officer has been very helpful with any questions or needs he might have.

Therefore, although White appears to be on the right path, the court believes that completion of his full term of supervised release appropriately reflects the seriousness of his offense, deters future criminal conduct, and provides needed structure for his continued

rehabilitation. *See Lynn*, 2022 WL 2446328, at *4 (holding that the serious nature of the defendant's crimes and his history and characteristics significantly outweighed his actions after his release from prison). Probation concurs with the United States Attorney's Office that the court should deny the motion and allow White to complete the term of supervised release, as ordered. The court, likewise, is of the opinion that White's current sentence, including the five-year term of supervised release, was appropriate at the time of sentencing and remains so. *See United States v. Lewis*, No. 17-CR-28-FPG, 2021 WL 4519795, at *3 (W.D.N.Y. Oct. 4, 2021). Given the nature of his offense, his criminal history, his failure to comply with previous terms of parole, and his history of poly-substance abuse, early termination would not be in the interest of justice. Accordingly, White's motion for early termination of supervised release does not warrant relief.

III.  Conclusion

In accordance with the foregoing, White's *pro se* letter Motion for Early Termination of Supervised Release (#98) is DENIED.

SIGNED at Beaumont, Texas, this 19th day of December, 2022.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE